## Purvin v. Helfrich

*Ralph J. Johnston*, and *Roy B. Pope*, for plaintiff.
*John L. McDonald*, for defendant.

PINOLA, J., for court en banc, April 13, 1948.—Plaintiff on July 22, 1947, sued defendant in trespass to recover damages sustained in an automobile collision which occurred in the city of Wilkes-Barre on October 14, 1945.

Alderman Brown entered judgment for plaintiff in the amount of $107.71 on September 18, 1947. On October 6, 1947, defendant filed an affidavit on appeal, together with a bond in the sum of $300 "conditioned for the payment of the debt, interest and all costs accrued or that may accrue and be legally recoverable against the appellant" and authorizing confession of judgment.

The transcript shows the costs accrued on that date to be $9.05, but defendant did not pay them.

The transcript of appeal was filed in the office of the prothonotary on October 9, 1947. On November 10, 1947, plaintiff filed his complaint, copy of which was duly served upon defendant.

On March 17, 1948, defendant presented his petition, which is now before the court for consideration, and a rule was granted to show cause why the appeal should not be withdrawn and the obligation of the bondsman declared void.

### Discussion

Defendant in his petition avers that the bond given with his mother as surety is bail absolute under the provisions of the Act of March 20, 1845, P. L. 188, sec. 1, 42 PS §921. This act provides:

"In lieu of the bail heretofore required by law, in the cases herein mentioned, the bail in cases of appeal from the judgments of aldermen and justices of the peace, and from the awards of arbitrators, shall be bail absolute, in double the probable amount of costs accrued and likely to accrue in such cases, with one or more sufficient sureties, conditioned for the payment of all costs accrued or that may be legally recovered in such cases against the appellants."

We do not agree with defendant. The bail absolute which he gave, in our opinion, is under the provisions of the Act of June 24, 1885, P. L. 159, sec. 1, as amended by the Act of May 29, 1907, P. L. 306, sec. 1, 42 PS §928, which provides:

"That if any appellant shall give good and sufficient bail absolute, for the payment of debt, interest, and costs that have and will accrue on affirmance of the judgment, the appellant shall not be required to pay any costs before taking an appeal."

Defendant paid no costs and his bond is "conditioned for the payment of the debt, interest and all costs accrued or that may accrue and be legally recoverable against the appellant."

It is clear that his undertaking was to pay not only the costs which may accrue but the debt and interest as well.

Plaintiff does not object to the withdrawal of the appeal by defendant, but he does object to any discharge of the bondsman from her obligation.

Whether or not a withdrawal of an appeal has the effect of discharging the obligation of the bondsman will be decided by the court when the occasion arises.

Meanwhile, since both parties are agreed, leave is granted to John Helfrich to withdraw his appeal without prejudice, however, to plaintiff to proceed upon the bond.